UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **MARTIN SANCHEZ-ALANIS,** |
| Plaintiff, |
| v. |
| **FEDERAL BUREAU OF PRISONS,** |
| Defendant. |

Case No. 16-cv-0705 (CRC)

## OPINION AND ORDER

On three separate occasions, Plaintiff Martin Sanchez-Alanis, a federal prisoner, requested records from the Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. When BOP failed to respond to the requests, Plaintiff filed a *pro se* "Petition for Preliminary Injunction" (hereafter "Complaint") to compel the release of records and expungement of a disciplinary report. BOP has released responsive records and has moved for summary judgment on Plaintiff's FOIA claim. BOP has also moved to dismiss Plaintiff's claims brought under the Privacy Act, 5 U.S.C. § 552a, and for a writ of mandamus.[1] Plaintiff has filed a "Cross Motion for Summary Judgment and Request for Declaratory and Injunctive Relief for a Pattern or Practice of Illegal Conduct." For the reasons that follow, the Court will grant Defendant's motion, deny Plaintiff's motion, and close the case.

---

[1] The description of the initiating pleading as a "Petition for Writ of Mandamus," ECF No. 1, appears to be a docketing error since no such relief is requested. Nevertheless, a writ of mandamus is reserved for extraordinary circumstances where a plaintiff "has a clear right to relief" and "no other adequate remedy available." Power v. Barnett, 292 F.3d 781, 784 (D.C. Cir. 2002) (citations omitted). The FOIA and the Privacy Act provide adequate remedies for the claims presented here. Therefore, BOP's motion to dismiss any claim for mandamus relief is granted.

**I. Background**

In October 2014, Plaintiff requested a copy of his "transfer file," specifically including: (1) investigative reports, (2) threat assessment reports, (3) recommendations of Special Investigative Services, (4) memoranda, (5) statements, (6) emails, (7) disciplinary reports, (8) Disciplinary Hearing Officer reports, (9) security designation reports, (10) management variables, (11) security level reports, and (12) final transfer request. Attach. 1 to Decl. of Christi Treadway, ECF No. 14-1 at 11. In response to this lawsuit, BOP searched Plaintiff's Inmate Central File, located six responsive pages, and released all of them to Plaintiff on August 4, 2016.[2] Five of the released pages contained redacted material. Treadway Decl. ¶ 9 and Attach. 2. BOP withheld information under FOIA exemptions 5, 6, 7(C), 7(E) and 7(F). Id.

In August 2015, Plaintiff requested "a copy of the Disciplinary Hearing Officers Report (DHO Report)" issued in 2006 by a hearing officer at FCI Seagoville in Texas and in 2009 by a hearing officer at FCI Yazoo City in Mississippi. Attach. 3 to Treadway Decl. Following searches of Plaintiff's Inmate Central File and "Archived DHO reports," BOP located and released seven redacted pages to Plaintiff on August 4, 2016. Treadway Decl. ¶¶ 15-16 and Attach. 4. BOP withheld information under FOIA exemptions 6, 7(C), and 7(F). Id.

Also in August 2015, Plaintiff requested a copy of his "initial request for records dated September 12, 2012 related to [FOIA] request No. 13-10945" and a copy of "the envelope/wrapper" containing the request. Attach. 5 to Treadway Decl. Following a search,

---

[2] Prior to being served with the complaint, which included "two certified mail numbers," BOP "did not have any records of receiving Plaintiff's referenced requests." Treadway Decl. ¶ 5. The contents of the mailings referenced in the complaint were unknown, but BOP ultimately "accept[ed] as received" the three FOIA requests described in the complaint and assigned each a 2016 tracking number. Id. ¶ 6.

BOP released three pages to Plaintiff in full on August 4, 2016, and informed Plaintiff that it could not locate the envelope. Attach. 6.

## II. Legal Standard

### A. FOIA

"FOIA cases typically and appropriately are decided on motions for summary judgment." Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). In deciding a motion for summary judgment, the Court assumes the truth of the non-movant's evidence and draws all reasonable inferences in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "[S]ummary judgment may be granted only if the moving party proves that no substantial and material facts are in dispute and that he is entitled to judgment as a matter of law." Lamb v. Millennium Challenge Corp., 228 F. Supp. 3d 28, 37 (D.D.C. 2017) (internal citation omitted); see also Fed. R. Civ. P. 56(a).

Congress created FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." ACLU v. DOJ, 655 F.3d 1, 5 (D.C. Cir. 2011) (quoting U.S. Dep't of the Air Force v. Rose, 425 U.S. 352, 361 (1976)). Despite this broad mandate, FOIA contains a set of exceptions to the general obligation to provide government records to the public. See 5 U.S.C. § 552(b). These exemptions are in place "to balance the public's interest in governmental transparency against the 'legitimate governmental and private interests [that] could be harmed by release of certain types of information.'" United Techs. Corp. v. U.S. Dep't of Defense, 601 F.3d 557, 559 (D.C. Cir. 2010) (quoting Critical Mass Energy Project v. Nuclear Reg. Comm'n, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc)). FOIA "mandates a strong presumption in favor of disclosure," and its "statutory exemptions, which are exclusive, are to be

'narrowly construed.'" Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 32 (D.C. Cir. 2002) (quoting Department of Air Force v. Rose, 425 U.S. 352, 361 (1976)).

The government therefore bears the burden to establish that the claimed FOIA exemptions apply to each document for which they are invoked. ACLU v. U.S. Dep't of Defense, 628 F.3d 612, 619 (D.C. Cir. 2011). It may satisfy this burden through declarations that describe the justifications for its withholdings in "specific detail, demonstrat[ing] that the information withheld logically falls within the claimed exemption." Id. But agency affidavits will not warrant summary judgment if the plaintiff puts forth contrary evidence or demonstrates the agency's bad faith. Id.

**B. Privacy Act**

"The Privacy Act imposes a set of substantive obligations on agencies that maintain systems of records, including the requirement that records used in making determinations about individuals be accurately maintained." Skinner v. U.S. Dep't of Justice and Bureau of Prisons, 584 F.3d 1093, 1096 (D.C. Cir. 2009) (citing 5 U.S.C. § 552a(e)(5)). The Act provides civil remedies for its violation, including court-ordered amendment of records and money damages, but it also permits agencies to exempt themselves "from many of the obligations it imposes." Id. Challenges to an agency's refusal to correct records are reviewed de novo. Mueller v. Winter, 485 F.3d 1191, 1196 (D.C. Cir. 2007) (citing 5 U.S.C. § 552a(g)(2)(A); White v. Office of Pers. Mgmt., 787 F.2d 660, 663 (D.C. Cir. 1986)).

**III. Analysis**

   **A. FOIA**

Plaintiff does not challenge BOP's withholdings, and the Court finds them to be properly justified. See Treadway Decl. ¶¶ 10-13; 17-18.[3] Instead, Plaintiff faults BOP for its delayed responses and contends that "regardless if any specific F.O.I.A. request has been mooted," he has been "personally harmed by [BOP's] pattern or practice of illegal conduct" and "is likely to suffer future harm by the illegal conduct." Pl.'s Mot. at 1, ECF No. 20. According to Plaintiff, the delay "is not an isolated incident at all," and he offers several other examples in support of this claimed "pattern or practice" of delay. Id. at 2-6. Plaintiff also asserts that the delay violated his due process rights, but "the comprehensiveness of FOIA [and the Privacy Act] precludes the creation of a . . . remedy" predicated on a constitutional violation. Johnson v. Exec. Office for U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002); see Wilson v. Libby, 535 F.3d 697, 704 (D.C. Cir. 2008) (Privacy Act).

---

[3] BOP properly redacted from an Inmate Investigative Report "staff notes and impressions regarding information received by third parties" under FOIA exemption 5. Treadwell Decl. ¶ 10. See Loving v. Dep't of Def., 550 F.3d 32, 38 (D.C. Cir. 2008) ("The deliberative process privilege [incorporated into exemption 5] protects 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'") (quoting Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001)). In addition, BOP properly redacted third-party information under FOIA exemptions 6, 7(C), 7(E), and 7(F). Treadwell Decl. ¶¶ 11-13, 17-18. In each instance, BOP's declarant has shown that the information is contained in law enforcement records, explained the potential harm in disclosing such information and, as to exemption 7(C), properly concluded that the release of third-party identifying information would "not shed light on the activities of the BOP sufficient to overcome [the third parties'] substantial privacy interests[.]" Id. ¶ 11 and ¶ 17. See Schrecker v. U.S. Dep't of Justice, 349 F.3d 657, 661 (D.C. Cir. 2003) (listing decisions that "have consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants").

The Court of Appeals has made clear that "[i]n the FOIA context, . . . once all the documents are released to the requesting party, there no longer is any case or controversy." Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel, 827 F.3d 31, 34 (D.C. Cir. 2016), quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."). Plaintiff acknowledges that he "has obtained relief as to" the FOIA requests underlying this case.[4] Pl.'s Mot. at 8. As a result, BOP is entitled to summary judgment on the FOIA claims.

**B. Privacy Act**

"[I]nmate disciplinary records are maintained in an inmate's Central File . . . at his . . . place of incarceration." Treadway Decl. ¶ 15. BOP has exempted its Inmate Central Records System from the Privacy Act's amendment provisions and "that exemption prevents [courts] from ordering the amendment of an inmate's records." Skinner, 584 F.3d at 1096 (citations omitted). Because the Court cannot order BOP to expunge Plaintiff's disciplinary records, the Privacy Act claim must be dismissed. See id. at 1101 (affirming dismissal of "claim for amendment of [plaintiff's disciplinary] records on the ground that those records are exempt from the amendment provision of the Privacy Act").

---

[4] In his cross-motion filed on January 30, 2017, Plaintiff asserts that BOP failed to release responsive records and to conduct an adequate search with regard to request number 2016-05924 because, in contrast to BOP's declaration, the August 4, 2016 release contained just one of three pages that BOP claimed were fully released. Pl.'s Mot. at 9. In reply, BOP's declarant "specifically recall[s] placing in the mail the determination letter and three pages of responsive records on August 4, 2016." Supp. Decl. of Christi Treadway ¶ 5, ECF No. 21-1. Nevertheless, she has attached the three pages to the supplemental declaration dated February 3, 2017, thereby rendering any dispute over that release moot.

**IV. Conclusion**

For the foregoing reasons, the Court concludes that BOP has satisfied its disclosure obligations under FOIA, and Plaintiff has stated no claim for relief under the Privacy Act or for other equitable relief. It is hereby

**ORDERED** that [14] BOP's dispositive motion will be GRANTED and [20] Plaintiff's cross-motion for summary judgment will be DENIED.

This is a final, appealable order.

**SO ORDERED**.

DATE: September 14, 2017

_____
CHRISTOPHER R. COOPER
United States District Judge